UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

WILLIAM GREGORY, SR. )
)
v. ) Case No. 1:17-cv-81-CLC-CHS
)
ARAMARK FOOD SERVICE )
GROUP, INC. )

REPORT AND RECOMMENDATION

Plaintiff William Gregory, Sr., *pro se*, has filed an application to proceed *in forma pauperis* [Doc. 1]. Because I conclude his complaint does not state a claim for which relief can be granted, I RECOMMEND this action be DISMISSED and the application to proceed *in forma pauperis* be DENIED as moot.

Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) and *La Fountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *Johns v. Maxey*, 2008 WL 4442467 *1 (E.D. Tenn. Sept. 25, 2008) (Greer, J.).

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint for which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*), *Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is

1

and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 569-70.) Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, which simply means the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff alleges that he was treated differently from other workers in various terms and conditions of his employment. Plaintiff also alleges he was unfairly fired by his boss based on conduct for which other employees were not disciplined. Finally, Plaintiff avers that a co-worker told him, "they is working you like a n****r" [Complaint at 3]. Plaintiff seeks back pay and compensatory damages.

It appears that Plaintiff is attempting to state a claim for employment discrimination on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. However, Plaintiff has not alleged that he is a member of a protected class. Nor has he alleged that those other employees who were allegedly treated better than him for the same conduct were similarly situated and were members of a different class. *See Wheat v. Fifth Third* Bank, 785 F.3d 230, 237 (6th Cir. 2015):

> In order to establish a *prima facie* case of race discrimination, a plaintiff must show that:
>
>> 1) he is a member of a protected class; 2) he was qualified for the job and performed it satisfactorily; 3) despite his qualifications and performance, he suffered an adverse employment action; and 4) he was replaced by a person outside the protected class or was treated less favorably than a similarly situated individual outside of his protected class.

(quoting *Laster v. City of Kalamazoo*, 746 F.3d 714, 727 (6th Cir.2014) (footnote and citation omitted)).

2

Case 1:17-cv-00081-CLC-CHS   Document 3   Filed 06/06/17   Page 2 of 3   PageID #: 16

A plaintiff can also establish a claim of employment discrimination based on race through the use of direct evidence such as statements by a decision maker evincing racial animus. *See Clark v. Hoops, LP,* 709 F.Supp.2d 657, 665 (W.D. Tenn. 2010) ("Plaintiff may establish a *prima facie* case of race discrimination under Title VII through direct evidence . . . .") However, in this case, there is no such direct evidence. A statement made by a co-worker, who did not have authority to discipline or fire Plaintiff, reflecting the co-worker's belief about how the employer is treating Plaintiff, is not evidence of discriminatory animus on the part of the employer. Therefore, Plaintiff has failed to state a claim for which relief can be granted for a claim of racial discrimination in employment in violation of Title VII.

For the reasons stated herein, it is RECOMMENDED[1] that this action be DISMISSED without prejudice and the *in forma pauperis* application be DENIED as moot.

**ENTER.**

s\ *Christopher H. Steger*
CHRISTOPHER H. STEGER
UNITED STATES MAGISTRATE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file of objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 149, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).